**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JEROME NORTON,

                    Plaintiff,          **MEMORANDUM OF**
                                           **DECISION & ORDER**
           -against-           2:13-cv-3520 (ADS) (GRB)

TOWN OF BROOKHAVEN, COUNTY OF
SUFFOLK, ROBERT QUINLAN, DAVID J.
MORAN, JENNIFER LUTZER, JUSTIN
FOLBER, WILLIAM POWELL, VALERIE
BISCARDI,

                   Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Leeds Brown Law, P.C.**
*Attorneys for the Plaintiff*
One Old Country Road
Carle Place, NY 11514
       By:    Bryan L. Arbeit, Esq.,
                Rick Ostrove, Esq.,
                Andrew G. Costello, Esq., Of Counsel.

**The Dresevic, Iwrey, Kalmowitz and Pendleton Law Group**
*Attorneys for the Plaintiff*
100 Quentin Roosevelt Blvd., Suite 102
Garden City, NY 11530
       By:    Jonathan Christopher Messina, Esq. Of Counsel.

**Devitt Spellman Barrett, LLP**
*Attorneys for Defendants Town of Brookhaven, Robert Quinlan, David J. Moran, Jennifer Lutzer, Justin Folber, William Powell, and Valerie Biscardi*
50 New York Route 111
Smithtown, NY 11787
       By:    Anne C. Leahey, Esq.,
                Jeltje DeJong, Esq.,
                Kelly E. Wright, Esq.,
                Theodore D. Sklar, Esq., Of Counsel.

**Law Offices of Thomas M. Volz, PLLC**
*Attorneys for Defendants Town of Brookhaven, Robert Quinlan, David J. Moran, Jennifer Lutzer, Justin Folber, William Powell, and Valerie Biscardi*
280 Smithtown Blvd.
Nesconset, NY 11767
    By:    David H. Arnsten, Esq., Of Counsel.

**Suffolk County Department of Law**
*Corporation Counsel for Defendant Suffolk County*
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
    By:    Brian C. Mitchell, Assistant County Attorney.

**SPATT, District Judge**:

**I.    BACKGROUND**

  **A. Underlying Dispute and Procedural History**

Plaintiff Jerome Norton (the "Plaintiff") brought this 42 U.S.C. § 1983, 28 U.S.C. § 2201, and state law action against Defendants Suffolk County (the "County"), the Town of Brookhaven (the "Town"), and several Town employees. This opinion concerns a motion filed by the County seeking to dismiss the action as to the County. Accordingly, this opinion primarily describes the present action as it relates to the County.

The action arises out of a dispute over a series of tickets for Town Code and New York State Uniform Fire Prevention and Building Code violations at a residential property the Plaintiff co-owned. The Town, and not the County, charged the Plaintiff with those violations. The Plaintiff prevailed in those proceedings, with the state court judge dismissing all of the accusatory instruments on procedural grounds.

The Plaintiff brought the present action in June 2013. He amended his complaint two times. In the second amended complaint, the Plaintiff asked for, *inter alia*, declaratory and

injunctive relief against the County, arguing that (1) only the County could charge individuals with violations of state law; (2) the County improperly delegated to the Town the responsibility for overseeing the prosecution of petty offenses; (3) the County disregarded the procedural violations occurring during the proceedings against the Plaintiff; and (4) the County failed to supervise the accusatory instruments that the Town brought against the Plaintiff. ECF 16 at 68–71.

On July 30, 2014, the Court granted the County's motion to dismiss the action as to the County under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6), ruling that the County could not be held to dictate the policies of the District Attorney's Office when the practices challenged by the Plaintiff directly bore upon the District Attorney's discretion to prosecute. ECF 43 at 43–45. The Court refers the parties to the July 30, 2014 opinion for a full recitation of the facts in this case.

The Plaintiff moved for reconsideration. ECF 45. In September 2014, the Court granted the Plaintiff's motion. ECF 55. As to the County, the Court granted the motion to reinstate the declaratory judgment claim. *Id.* at 19. The Court reasoned that the issue was not the district attorney's discretion to prosecute—over which the County could not be responsible, as the district attorney represents the state when prosecuting a criminal matter—it was "the administration of the district attorney's office," over which a county can be held liable. *Id.* at 17. The Court relied on an Eastern District Court decision by United States District Judge Nicholas G. Garaufis, in a case involving the Plaintiff's brother. *Norton v. Town of Islip*, No. 04-CV-3079, 2009 WL 804702, at *10 (E.D.N.Y. Mar. 27, 2009) (internal quotation marks omitted), *rev'd in part on other grounds by* 378 F. App'x 85 (2d Cir. 2010) (Summary Order). In that case, Judge Garaufis ruled as follows:

> The County overlook[ed] the accompanying rule that a DA acts as a County official in his administration and management of the district attorney's office. Decisions regarding supervision and training relate to the DA's role as the manager of the district attorney's office, and in that role, the district attorney acts as a county policymaker whose actions may give rise to municipal liability. Under this framework, the Second Circuit has limited the DA's role as a New York State official to specific decision[s] of the District Attorney to prosecute.

*Id.* (internal quotation marks and citation omitted). Judge Garaufis further held in *Norton* that the Plaintiff's claims that a county maintained a policy or custom of delegating to town attorneys the prosecution of petty offenses and abdicating responsibility for supervision and oversight of Town zoning prosecutions did not concern the district attorney's discretion to prosecute. *Id.* at *27.

**B. The Third Amended Complaint and the Pending Rule 12 Motion**

In October 2017, in a hearing before then United States Magistrate Judge Gary R. Brown, the parties consented to the Plaintiff's filing of a third amended complaint. ECF 10/16/17 entry. The Plaintiff filed the third amended complaint the following day. ECF 87. In the third amended complaint, the Plaintiff alleged that the Town charged him with the above-noted violations in 2011, and that the court dismissed those charges in 2012. *Id.* at 28, 49. He does not allege that he is currently facing charges for Town Code violations, or that he expects additional charges in the future.

With regard to the County, the Plaintiff no longer asked for injunctive relief, but he reiterated his request for a declaratory judgment. *Id.* at 79–83. The Plaintiff again alleges that the County District Attorney's Office delegated to the Town attorney the prosecution of petty offenses; abdicated to the Town Law Department responsibility for criminal actions concerning the Town Code; and failed to supervise the Town "in its initiations and continuations of State

Court criminal actions by failing to maintain a system of supervision, control or oversight." *Id.* at 81.

In April 2018, the County answered the third amended complaint. ECF 102. Having filed their answer, the County now moves under FED. R. CIV. P. 12(c) for a judgment on the pleadings as to the claim against it. ECF 121 (original motion), 123 (corrected motion).

## II. DISCUSSION

### A. Legal Standard For a Judgment on the Pleadings

Courts apply the same procedure to evaluate motions for judgment on the pleadings under Rule 12(c) as for motions to dismiss under FED. R. CIV. P. 12(b)(6). *Altman v. J.C. Christensen & Assoc's, Inc.*, 786 F.3d 191, 193 (2d Cir. 2015); *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). In so doing, courts "draw all reasonable inferences in [the non-movant's] favor, 'assume all well-pleaded factual allegations to be true, and determine whether they possibly give rise to an entitlement to relief.'" *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). The non-movant is entitled to relief if she alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleadings of specifics, it does require enough facts to nudge [the non-movant's] claims across the line from conceivable to plausible." (internal quotation marks and citation omitted)).

On a Rule 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit,

5

materials incorporated by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton*, 350 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

**B. Application to the Facts of This Case**

In its Rule 12(c) motion, the County argues that the Court should rule on this motion, even though the Court has already ruled on a motion to dismiss in this action, because the arguments raised in the motion are similar to those made in the motion to dismiss the second amended complaint, and they relate to Second Circuit case law that has arisen since the Court granted reconsideration. ECF 123 at 5–6. The County also notes that the parties had previously attempted to settle the case, and, as part of those negotiations, the County consented to the Plaintiff's filing a third amended complaint, and it reserved its right to move to dismiss the complaint under Rule 12(b)(6). *Id.* at 4–5. The County further notes that after the filing of that complaint, the Plaintiff requested that the County interpose an answer so as to not delay proceedings against the Town. *Id.* The County agreed to answer, and the Plaintiff in turn agreed that the County did not waive its right to dismiss the complaint. *Id.*

The County also argues that the Court should deny the Plaintiff's declaratory judgment claim as to it, because (1) the Plaintiff has not established that he faces a real and immediate injury, and thus, he lacks Article III standing to maintain a claim for declaratory relief; and (2) the underlying basis for the Plaintiff's request for declaratory relief lacks merit. ECF 123 at 6–16. As to standing, the County contends that in the third amended complaint, the Plaintiff alleged that the Town Code violations brought against him were dismissed, rendering moot any claim for declaratory relief. *Id.* at 10. The County also states that the Plaintiff fails to allege that he is currently being prosecuted or facing criminal charges, which makes his request speculative,

remote, and insufficient to merit declaratory relief. *Id.* In addition, the County asserts that the Court's granting of reconsideration on the motion to dismiss the second amended complaint does not create a controversy of sufficient ripeness for the Court to consider declaratory relief, because the legal consequences feared by the Plaintiff are speculative, and he has not pleaded a continuing or imminent concrete injury. *Id.* at 11–13.

As to the merits, the County asserts that the Second Circuit—in an appeal filed by the Plaintiff's brother in an action against the Town of Islip and the County—recently affirmed the Rule 12(c) dismissal of an action alleging that the County had a responsibility to supervise the actions of Assistant Town Attorneys. *Id.* at 14–16 (citing *Norton v. Town of Islip*, 678 F. App'x 17, 20 (2d Cir. 2017) (summary order)). Accordingly, they argue, the Court should not award the Plaintiff declaratory relief when there is no basis for the Plaintiff's underlying theory of liability. *Id.* at 16.

The Plaintiff opposes the Rule 12(c) motion. He first argues that in June 2014, when the Court first ruled on the County's motion to dismiss the second amended complaint, the Court ruled that an actual controversy existed in the action. ECF 125 at 17. The Plaintiff also notes that in granting reconsideration, the Court left that part of the June 2014 opinion undisturbed; thus, it remains the law of the case. *Id*. He argues that although the County relies on the *Norton v. Town of Islip* ruling, that case is not controlling, and he further notes that the County does not submit any new evidence or allege a need to correct a clear error or prevent manifest injustice. *Id*. In addition, the Plaintiff claims that the Defendant is effectively moving for reconsideration five years after the fact, which the Court should not permit, on both timeliness grounds and based on the law of the case doctrine. *Id.* at 18–19.

7

In the alternative, the Plaintiff contends that the *Norton v. Town of Islip* holding is legally distinct from the issues in this case, namely in the sense that the Court here has not dismissed the Plaintiff's underlying substantive claims against the Town, and, that unlike in this action, the plaintiff in the *Norton v. Town of Islip* action brought a claim against the County under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). *Id.* at 19–22.

In addition, the Plaintiff submits an *amicus curiae* brief filed by the New York State Attorney General in an unrelated case before the New York Court of Appeals, which provided that a district attorney may allow others to prosecute cases, but there must be a system whereby the district attorney consents to others appearing on her behalf in those cases. *Id.* at 22–23.

He also argues that in April 2019, the President of the District Attorney's Association of the State of New York ("DAASNY President"), filed a complaint in Albany County Supreme Court in the case of *Soares, et al. v. New York, et al.*, where he argued that a district attorney has exclusive discretionary power to determine whom, whether, and how to prosecute a criminal matter, and that a district attorney may not transfer that responsibility to anyone else. *Id.* The Plaintiff also attaches the transcript of a January 2019 status conference before then Magistrate Judge Brown, where the parties discussed the briefing schedule for the pending Rule 12(c) motion. ECF 125-3.

In reply, the County asserts that its Rule 12(c) motion is timely and made pursuant to the above-noted agreement with the Plaintiff. ECF 126 at 2. It claims that its Rule 12(c) motion asks the Court to consider constitutional and substantive reasons as to why there should be a judgment on the pleadings; it does not seek reconsideration of the Court's earlier order. *Id.* at 5. It also challenges the Plaintiff's argument that this Court had already ruled that a controversy

8

existed as to the County, contending that the section of the opinion cited by the Plaintiff pertained only to the Plaintiff's action as to the Town. *See id.* at 3–4.

After the County replied, the Plaintiff sent a letter to the Court updating it on new developments in the *Soares* case. ECF 127. The County argues that the Court should not consider this information because it is inadmissible hearsay with no relevance to the fully briefed motion to dismiss, and because it constitutes an attempt to file an impermissible sur-reply without the Court's permission. The Court addresses each of these issues in turn.

1. **Timeliness of the Motion**

The Court rules that the County timely filed the Rule 12(c) motion. Rule 12(c) provides for the filing of such motions "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c); *see Hoefer v. Bd. of Educ. of Enlarged City Sch. Dist. of Middletown*, No. 10-Civ-3244, 2014 WL 1357334, at *3 (S.D.N.Y. Apr. 7, 2014) (denying party permission to file Rule 12(c) motion six months after date court had set for trial). When a Rule 12(c) motion "has no effect on the trial schedule, it need not be barred as untimely." *See City of Almaty, Kaz. v. Ablyazov*, No. 15-CV-5345, 2019 WL 1430155, at *3 (S.D.N.Y. Mar. 29, 2019).

Here, the Plaintiff does not allege that the County's Rule 12(c) motion has delayed trial proceedings. In fact, the January 2019 status conference transcript reveals that the County filed the Rule 12(c) motion according to a briefing schedule established by Judge Brown. ECF 125-3 at 24–28. Thus, the Court deems that the County timely filed the Rule 12(c) motion. *See City of Almaty*, 2019 WL 1430155, at *3.

2. **The Law of the Case Doctrine**

The Court also rules that the pending Rule 12(c) motion is not precluded by the law of the case doctrine. "The law of the case doctrine commands that when a court has ruled on an

issue, that decision should generally be adhered to by that court in subsequent stages of the same case unless cogent and compelling reasons militate otherwise." *Hernandez v. Sessions*, 731 F. App'x 51, 55 (2d Cir. 2018) (summary order) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)). Compelling reasons include "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Johnson*, 564 F.3d at 99–100 (internal quotation marks omitted); *see Sheet Metal, Air, Rail and Transp. Workers Local Union No. 137 v. Frank Torrone & Sons, Inc.*, No. 15-CV-2224, 2018 WL 4771897, at *6 (E.D.N.Y. Oct. 3, 2018). The law of the case doctrine is "discretionary and does not limit a court's power to reconsider its own decisions." *Virgin Atlantic Airways , ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The doctrine does not apply to the pending motion to the extent that it raises challenges to the Court's subject matter jurisdiction. *See Chen-Oster v. Goldman, Sachs & Co.*, No. 10-Civ-6950, 2015 WL 4619663, at *3 (S.D.N.Y. Aug. 3, 2015); *Allah v. Juchnewioz*, No. 93-Civ-8813, 2003 WL 1535623, at *3 (S.D.N.Y. Mar. 24, 2003) ("While the 'law of the case' doctrine might counsel against reversing that ruling now, it does not apply where subject matter jurisdiction is implicated.") (citing *Marcella v. Capital Dist. Physician's Health Plan, Inc.*, 293 F.3d 42, 47 (2d Cir. 2002)). The parties disagree as to whether the Court ruled that a controversy, and thus, subject matter jurisdiction, existed as to the claim against the County. The Court need not resolve that dispute in order to consider, anew or for the first time, whether it has subject matter jurisdiction over this portion of the action. *See, e.g.*, *Allah*, 2003 WL 1535263, at *3; *see Walsh v. McGee*, 918 F. Supp. 107, 113 (S.D.N.Y. 1996) ("Thus, a federal court cannot assert jurisdiction over a claim that is outside the scope of the Court's jurisdiction merely by relying on the court's own prior decision that jurisdiction over such claim was proper").

Conversely, the law of the case doctrine does apply to the portion of the County's motion dealing with the merits of the Plaintiff's theory of liability. In the section of its motion pertaining to the Plaintiff's liability theory, the County relies on a 2017 summary order from the Second Circuit. Summary orders do not have precedential value. *See, e.g.*, *Martinez v. Miller*, 330 F. App'x 296 (summary order); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 292 (E.D.N.Y. 2011). Although summary orders may serve as law of the case when they occur within a given action, the summary order in *Norton v. Town of Islip* is from a separate, unrelated action. *See United States v. Uccio*, 940 F. 2d 753, 757 (2d Cir. 1991). Accordingly, the Court will only consider the portion of the County's Rule 12(c) motion as it pertains to the Court's subject matter jurisdiction over the declaratory judgment claim.

### 3. The Materials Submitted After the Reply

Although the Plaintiff in its August 27 letter does not expressly seek the Court's leave to file a sur-reply, the Court construes that letter as such an application. *Barbour v. Colvin*, 993 F. Supp. 2d 284, 287 (E.D.N.Y. 2014) (Spatt, *J.*). "Motions for leave to file a sur-reply information [ ] are subject to the sound discretion of the court." *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013) (quotation marks and citation omitted), *reconsideration denied* (July 20, 2013); *Kapiti v. Kelly*, No. 07-CV-3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) (noting that "the decision to permit a litigant to submit a surreply is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court [and the Eastern District] authorize litigants to file surreplies.").

The Court, in its discretion, declines to consider the information offered by the Plaintiff in its proposed sur-reply. *See, e.g.*, *Prentice v. Port Auth. of N.Y. & N.J.*, No. 15-CV-738, 2017

WL 2271364, at *1 (E.D.N.Y. May 23, 2017) (Spatt, *J.*). The information offered does not bear on the remaining issue before the Court, whether the Court has subject matter jurisdiction over the Plaintiff's declaratory judgment claim against the County.

### 4. Subject Matter Jurisdiction

Article III of the Constitution limits the jurisdiction of federal courts to the resolution of "cases" and "controversies." U.S. CONST. art. III, § 2. In order to ensure that a plaintiff meets this fundamental case-or-controversy requirement, courts require that plaintiffs establish their "standing" as "the proper part[ies] to bring" suit. *Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997); *see also W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008). To successfully allege standing to bring suit in federal court, a party must allege in her complaint the following:

> *first*, that the plaintiff has suffered an "injury in fact," which the Supreme Court defines as "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not [merely] conjectural or hypothetical," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal citation and quotation marks omitted); *second*, that there is a "causal connection between the injury and the conduct complained of," which requires the injury to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court," *id.* (internal quotation marks and alterations omitted); and *third*, that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

*Citizens for Responsibility and Ethics in Washington v. Trump*, 939 F.3d 131, 142 (2d Cir. 2019).

In addition, the Supreme Court has ruled that not only must a controversy be sufficiently real and immediate, it must also be ripe for adjudication. *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998). To be ripe, a claim must not be a "mere hypothetical question." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013). "A claim is not ripe if it depends upon contingent future events that may or may not occur as anticipated, or indeed may

not occur at all." *Id.*; *see also Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 511 (2d Cir. 2014); *Conn. Fund for the Env't, Inc. v. Untied States Gen. Serv. Admin.*, 285 F. Supp. 3d 525, 534 (E.D.N.Y. 2018).

The Declaratory Judgment Act "provides a specific remedy for plaintiffs who are alleging a claim based on a substantive source of rights, but does not itself confer any substantive rights." *Khanom v. Kerry*, 37 F. Supp. 3d 567, 575 (E.D.N.Y. 2014) (citing *Springfield Hosp. v. Hofmann*, 488 F. App'x 534, 535 (2d Cir. 2012) (summary order) (holding that the plaintiff "cannot maintain an action for a declaratory judgment without an underlying federal cause of action"); *In re Joint E. & S. Dist. Asbsestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) (noting that the Declaratory Judgment Act does not "provide an independent cause of action," and that its "operation is procedural only—to provide a form of relief previously unavailable"); and *Crewe v. Rich Dad Educ., LLC*, 884 F. Supp. 2d 60, 80 (S.D.N.Y. 2012) (noting that "the Declaratory Judgment Act is not a source of federal substantive rights")).

Thus, the Declaratory Judgment Act is merely a procedural vehicle, and cannot form an independent basis for subject matter jurisdiction. *See Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 48 F. Supp. 3d 675, 688–89 (S.D.N.Y. 2014) ("[F]or subject matter jurisdiction, there must be an independent basis for federal jurisdiction because it is well established that the DJA does not expand the jurisdiction of the federal courts, and a basis for subject matter jurisdiction other than the DJA must be found.") (citing *Albradco, Inc. v. Bevona*, 982 F.2d 82, 85 (2d Cir. 1992)); *see also Correspondent Servs. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006) (commenting that "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts"), *cert. denied sub nom.*, *Waggoner v. Suisse Sec. Bank & Trust, Ltd.*, 549 U.S. 1209, 127 S. Ct. 1329, 167 L. Ed. 2d 81 (2007); *DME Constr. Assocs., Inc.*

*v. United States*, No. 15-CV-4322, 2016 WL 2992131, at *3 (E.D.N.Y. May 23, 2016) (Spatt, *J.*).

A plaintiff seeking injunctive or declaratory relief "cannot rely on past injury to satisfy the injury requirement," instead, he "must show a likelihood that that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *see McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck*, 370 F.3d 275, 284 (2d Cir. 2004). A party's "[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); *Martins v. Cty. of Nassau*, No. 15-CV-5120, 2016 WL 8711208, at *3–4 (E.D.N.Y. Apr. 29, 2016) (Spatt, *J.*).

Here, the Plaintiff relies on a past injury, the 2011 charges for Town Code violations, as the basis for his claim. This past injury is insufficient to confer subject matter jurisdiction on the Court with regard to the claim against the County. *See Deshawn E. by Charlotte E.*, 156 F.3d at 344.

In the third amended complaint, there is nothing to suggest that any concern that the Plaintiff may have about future prosecution for Town Code violations is anything more than speculative; thus, this claim is also not ripe for adjudication. *See Conn. Fund for the Env't, Inc.*, 285 F. Supp. 3d at 534; *Dow Jones & Co, Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 407 (S.D.N.Y. 2002) ("Accordingly, a touchstone to guide the probe for sufficient immediacy and reality is whether the declaratory relief sought relates to a dispute where the alleged liability has already accrued or the threatened risk occurred, *or rather whether the feared legal consequence remains a mere possibility, or even probability of some contingency that may or may not come to*

*pass*.") (emphasis added). Accordingly, the Court grants the Rule 12(c) motion and dismisses the complaint as to the County, for the Plaintiff cannot state a plausible claim against the County in the absence of subject matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the Court grants the Rule 12(c) motion for judgment on the pleadings by the Defendant Suffolk County. The Third Amended Complaint is dismissed as to the Defendant Suffolk County.

It is **SO ORDERED.**

_____/s/ Artur D. Spatt_____          ____January 21, 2020____

    Arthur D. Spatt, U.S.D.J.                                  Date