UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEROME NORTON,

                            Plaintiff,                            **REPORT AND**
                                                                          **RECOMMENDATION**
                -against-                             CV 13-3520 (JMA)(AYS)

TOWN OF BROOKHAVEN, COUNTY OF SUFFOLK,
ROBERT QUINLAN, DAVID J. MORAN, JENNIFER
LUTZER, JUSTIN FOLBER, WILLIAM POWELL,
and VALERIE BISCARDI, all individually and in their
official capacity,

                            Defendants.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Joan M. Azrack, is Defendant Town of Brookhaven's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), and for summary judgment, pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, this Court respectfully recommends that Defendant's motion be treated as a motion for judgment on the pleadings – not as one for summary judgment – and that, as such, the motion be denied with respect to the argument that the Court lacks subject matter jurisdiction over the action, but granted overall as one of the remaining claims asserted is deemed abandoned and the other is time-barred.

BACKGROUND

      Plaintiff, Jerome Norton ("Plaintiff" or "Norton"), commenced this action on June 20, 2013, against the Town of Brookhaven, various officers and employees of the Town (collectively, the "Town"), and the County of Suffolk (the "County"), pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, and New York State law. (Compl., Docket Entry ("DE") [1].) The Complaint originally filed contained thirteen causes of action. (DE [1].) On October 9, 2013,

1

Plaintiff filed an Amended Complaint, (Am. Compl., DE [4]), and on January 14, 2014, he filed a Second Amended Complaint, omitting one of the initial individual defendants and asserting fourteen causes of action. (2d Am. Compl., DE [16].)

By Order dated July 30, 2014, then-assigned District Judge Arthur D. Spatt issued a Memorandum of Decision and Order, determining motions to dismiss brought by the Town and the County, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE [43].) In that decision, Judge Spatt granted the County's motion to dismiss in its entirety and granted in part and denied in part the Town's motion. (Id.)

After extensive settlement negotiations, Plaintiff and the Town entered into a Stipulation of Partial Settlement on October 18, 2017 (the "Stipulation"), by which Plaintiff dismissed all remaining claims against the Town with the exception of certain claims in the Tenth Cause of Action of his Third Amended Complaint, which was filed contemporaneously with the Stipulation. (DE [87], [89].) As part of the Stipulation, the parties agreed to submit to the New York Department of State ("DOS") the question of whether, and to what extent, Chapter 82 of the Town Code – the relevant portion of the Town Code underlying this action – is legally enforceable under New York State Executive Law Article 18 and/or the New York State Fire Prevention and Building Code (the "Uniform Code"). (DE [89] ¶ 6.) If the DOS made such a determination, Plaintiff agreed to be bound by it. (Id. ¶ 6(c).) If the DOS chose not to make such a determination, Plaintiff would be entitled, but not required, to petition the Court for a declaratory ruling on the issue. (Id. ¶ 6(e).)

Pursuant to the Stipulation, the Plaintiff did not receive any monetary payment; rather, the Stipulation required the Town to change its laws and practices. (Id. ¶ 1-6, 9-10, 12-13, 32.) The Town also agreed that it would "consent to and shall not oppose, by motion or otherwise,

2

Plaintiff's filing and service of the proposed Third Amended Complaint," which is the current operative complaint before the Court. (Id. ¶ 7(a).)

As set forth in the Third Amended Complaint, and the July 30, 2014 decision of Judge Spatt, Plaintiff is a 50% owner of residential real property located at 66 Norfleet Lane in Coram, New York (the "Norfleet Property"), located within the Town. Plaintiff's two brothers own the remaining 50% of the Norfleet Property. (3d Am. Compl. ¶¶ 22-23.) In September 2011, Plaintiff was issued fourteen appearance tickets (the "Appearance Tickets") for various violations of the Town Code with respect to the Norfleet Property. (Id. ¶ 136.) In 2012, state court criminal proceedings were commenced against Plaintiff with respect to the Appearance Tickets. (Id. ¶ 199.) After protracted proceedings in state court, on April 19, 2012, all charges against Plaintiff were dismissed in the furtherance of justice, pursuant to Section 170.40 of the New York Criminal Procedure Law. (Id. ¶¶ 206-63.)

As set forth above, Plaintiff then commenced the within action on June 20, 2013. All claims alleged in the Second – and now, Third – Amended Complaint were settled by the Stipulation dated October 18, 2017, except for two aspects of the Tenth Cause of Action for a declaratory judgment against the Town: (1) that the fire and safety provisions in Chapter 82 of the Town Code are more restrictive than the State's Uniform Code and thus require further state approval prior to becoming effective (the "Uniform Code Claim"), (DE [89] ¶ 6; 3d Am. Compl. ¶ 413); and, (2) that Chapter 82 is a zoning ordinance that required referral to the Suffolk County Planning Commission ("SCPC") for review and recommendation under Section 239-m of the New York General Municipal Law prior to being enacted (the "Section 239 Claim"). (DE [89] ¶ 7; Third Am. Compl. ¶ 385-402.)

3

The Town now moves for judgment on the pleadings and for summary judgment dismissing Plaintiff's remaining declaratory judgment claims on the following grounds: (1) the Court lacks subject matter jurisdiction over the action; (2) the claims are untimely; (3) Plaintiff lacks standing to pursue this action; and, (4) Plaintiff's claims fail to state a plausible cause of action. (Def. Mem. of Law in Supp. 1.) Plaintiff opposes the Town's motion.

DISCUSSION

I.   The Motion to be Considered

In its motion papers, the Town states that the within motion is brought pursuant to Federal Rules of Civil Procedure 12(c) and 56 – accordingly, the Town seeks to make both a motion to dismiss and a motion for summary judgment in one. (DE [53].) Plaintiff opposes such a motion on the ground that this Court only granted the Town leave to move to dismiss, not to move for summary judgment. (Pl. Mem. of Law in Opp'n 14-15.) The Court agrees with Plaintiff.

As evidenced by the docket herein, this Court held a telephone status conference in this matter on November 17, 2020. During that conference, counsel for the Town advised the Court that the Town would be seeking to make a motion "to dismiss the case." (DE [147] at 22.) In granting leave to make such a motion, the Court specifically inquired of the Town's counsel as follows: "They are making a pure motion to dismiss, directed to the pleadings. Right, Mr. Kreppein?" (Id. at 28.) Counsel for the Town responded "[t]hat's correct." (Id.) The Court then advised the Town's counsel that if the motion "requires more than the pleadings, then it will be denied. So it's as simple as that."[1] (Id.) As is clear from the foregoing, the Town was only

---

[1] The Court also notes that prior counsel of record for the Town represented to then-Magistrate Judge Brown during the settlement conference held on October 16, 2017, that the Town was not reserving its "Rule 12 rights" with respect to Plaintiff's Amended Complaint. (DE [90] at 11.)

4

afforded leave to make a motion directed to the pleadings; it was not granted leave to move for summary judgment. Accordingly, this Court respectfully recommends that the within motion be construed solely as a motion to dismiss, pursuant to Rule 12(c), and not as one for summary judgment.

II.     Legal Standard

"On a Rule 12(c) motion, 'the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side.'" Lively v. WAFRA Investment Advisory Group, Inc., 6 F.4th 293, 304 (2d Cir. 2021) (quoting Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020). As such, "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemp. Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

"To survive a motion to dismiss [pursuant to Rule 12(b)(6) or 12(c)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept all of the factual allegations in the complaint as true and to

---

Rather, the Town's counsel at the time – which is the same firm that represents the Town herein, just a different attorney – stated that the Town "was agreeing to allow [the Amended Complaint] to be filed as part of the settlement." (Id.)

5

draw all reasonable inferences in the plaintiff's favor.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

Consistent with this Court's recommendation that the within motion be construed solely as a motion for judgment on the pleadings, the Court has only considered the pleadings herein and not the exhibits offered as evidence by the parties in rendering the instant Report and Recommendation.

III.     Subject Matter Jurisdiction

The Town seeks to dismiss Plaintiff's Amended Complaint on the ground that the Court lack subject matter jurisdiction since there are no federal claims remaining in this action. (Def. Mem. of Law in Supp. 4-6.) In response, Plaintiff argues that the Stipulation entered into by the parties explicitly stated that the Court would retain jurisdiction over this action. (Pl. Mem. of Law in Opp'n 10-12.)

Paragraph 34 of the Stipulation endorsed by Judge Spatt on October 18, 2017 specifically states that the Plaintiff and the Town Defendants "consent to . . . the Court's exercise of subject matter jurisdiction over this matter and Stipulation . . . ." (DE [89] ¶ 34.) Moreover, Paragraph 43 of the Stipulation states that "[i]t is the intention of the Parties to this stipulation . . . that the Court interpret as broadly as possible its authority to retain jurisdiction over all matters raised by the above-captioned matter that have not been resolved by this Stipulation." (Id. ¶ 43.)  Clearly, the parties intended for this Court to retain jurisdiction over this action, notwithstanding the lack of any remaining federal claims.

However, as the Town correctly points out, "[s]ubject matter jurisdiction can never be waived or forfeited." Liu v. 88 Harborview Realty, LLC, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014). Nor can parties' consent confer subject matter jurisdiction upon a court. See Woods v.

6

Roundout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 238 (2d Cir. 2006) ("The law is well established that a party's consent cannot by itself confer subject matter jurisdiction upon a court."); see also Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) ("[B]ecause it involves a court's power to hear a case, subject matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties."). Accordingly, even if not raised by a party, the Court must satisfy itself that subject matter jurisdiction exists. See Wynn v. AC Rochester, 273 F.3d 157, 157 (2d Cir. 2001).

Here, this Court is satisfied that subject matter jurisdiction exists. While all federal claims were settled by the parties' Stipulation executed in 2017, Judge Spatt had the power to – and clearly intended to – retain supplemental jurisdiction over the remaining claims. This is evidenced by his endorsement of the Stipulation, as well as the parties' representation to then-Magistrate Judge Brown that they intended for Judge Spatt to retain "ancillary jurisdiction" over the Amended Complaint. (DE [90] at 11.) Even after Judge Spatt endorsed the parties' Stipulation, status reports were filed, conferences were held, and the Court continued to make rulings with respect to matters that arose. If Judge Spatt had not intended to retain supplemental jurisdiction over the remaining claims, he would have closed the case upon the endorsement of the Stipulation.

The Town also challenges Plaintiff's standing to assert the within claims for declaratory relief on the grounds that he has not alleged in injury in fact that is actual or imminent. (Def. Mem. of Law in Supp. 12.) However, as Plaintiff points out, Judge Spatt already considered and rejected this same argument in 2014, finding that "since Plaintiff seeks declaratory relief after he has been criminally prosecuted as a result of the practices he challenges, his claim is ripe for adjudication." (DE [43] at 41.) Accordingly, Plaintiff's standing has already been established.

7

Based on the foregoing, this Court finds that the Court has subject matter jurisdiction over the claims remaining in the Amended Complaint under the doctrine of supplemental jurisdiction and as such, respectfully recommends that the Town's motion to dismiss for lack of subject matter jurisdiction be denied.

IV.     The Uniform Code Claim

Plaintiff's Uniform Code Claim alleges that Chapter 82 of the Town Code is inconsistent with the State Uniform Code and should, therefore, be rendered void. (3d Am. Compl. ¶¶ 86-89, 413.) The Town moves to dismiss this claim, asserting that "New York State expressly allows local jurisdictions to enact more restrictive standards for construction, but provides that more restrictive local laws are superseded by the Uniform Code to the extent of any inconsistency unless – after enacting the law – the municipality seeks and obtains approval from the State Code Council." (Def. Mem of Law in Supp. 10 (citing N.Y. Exec. Law §§ 379, 389).) Plaintiff does not challenge this argument in his opposition; in fact, Plaintiff fails to address this claim entirely.

"It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed concession of the argument and abandonment of the claim[]." Ross v. Port Chester Housing Auth., No. 17-CV-4770, 2019 WL 4738941, at *7 (S.D.N.Y. Sept. 27, 2019) (collecting cases); see also Hanig v. Yorktwon Cent. Sch. Dist., 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause Plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed."). Since Plaintiff failed to oppose the Town's arguments for dismissal of the Uniform Code Claim, the claim should be deemed abandoned.

Accordingly, this Court respectfully recommends that the Town's motion to dismiss be granted with respect to Plaintiff's Uniform Code Claim.

8

V.     Timeliness of the Section 239 Claim

The Town's next ground for dismissal is that Plaintiff's Section 239 Claim is untimely. (Def. Mem. of Law in Supp. 6-7.) Plaintiff counters that because he is asserting a jurisdictional defect in the implementation of Chapter 82 of the Town Code, in that the Town failed to follow the mandates of General Municipal Law Section 239, a statute of limitations does not apply. (Pl. Mem. of Law in Opp'n 13-14.) The Court agrees with the Town.

"In order to determine what limitations period governs a particular declaratory judgment action, the court is required to look to 'the substance of [the] action to identify the relationship out of which the claim arises and the relief sought.'" P & N Tiffany Props., Inc. v. Vill. of Tuckahoe, 33 A.D.3d 61, 63 (2d Dep't 2006) (quoting Solnick v. Whalen, 49 N.Y.2d 224, 229 (1980)) (alteration in original). "If the dispute can be, or could have been, resolved through a form of action or proceeding for which a specific statute of limitations is furnished by statute, then that limitations period will govern the action, regardless of the form in which it is presented." P & N Tiffany Props., 33 A.D.3d at 63 (citing Solnick, 49 N.Y.2d at 229-30). If not, "the six-year 'catch-all' provision of CPLR 213(1) will apply." P & N Tiffany Props., 33 A.D.3d at 63 (citing American Ind. Paper Mills Supply Co., Inc. v. County of Westchester, 16 A.D.3d 443 (2005)).

Typically, a CPLR article 78 proceeding, which is subject to a four-month statute of limitations, is "not available to challenge a legislative act such as a zoning ordinance." P & N Tiffany Props., 33 A.D.3d at 64 (citing Matter of Save the Pine Bush v. City of Albany, 70 N.Y.2d 193, 202 (1987)). However, "when the challenge is directed not at the substance of the ordinance but at the procedures followed in its enactment, it is maintainable in an article 78 proceeding." Matter of Save the Pine Bush, 70 N.Y.2d at 202. Put another way, if an action is

9

addressed to the substance of a zoning law or its constitutionality, a declaratory judgment action is the proper procedural vehicle; "issues that arise from the procedures by which the law was enacted . . . may be raised in a CPLR article 78 proceeding." P & N Tiffany Props., 33 A.D.3d at 64 (citing Matter of Llana v. Town of Pittstown, 234 A.D.2d 881, 883-84 (1996)).

Notwithstanding the foregoing, Plaintiff argues that because he is alleging a jurisdictional defect in the enactment of Chapter 82, in that the Town failed to comply with the mandates of Section 239, there is no statute of limitations with respect to his claim. (Pl. Mem. of Law in Opp'n 13-14.) Indeed, there are cases that appear to support Plaintiff's position. See, e.g., South Shore Audubon Soc'y, Inc. v. Bd. of Zoning Appeals, 185 A.D.2d 984, 985 (2d Dep't 1992) (finding that a failure to comply with Section 239 in enacting a zoning law constituted a "jurisdictional defect" for which "[t]he Statute of Limitations does not preclude a challenge to the Board's jurisdiction to act"); Home Depot USA, Inc. v. Baum, 226 A.D.2d 725, 726 (2d Dep't 1996) (holding that an ordinance improperly enacted is "ultra vires and the Statute of Limitations would not preclude a challenge to the Board's jurisdiction with respect to that act"); Nager v. Inc. Vill. of Saddle Rock, 140 Misc. 2d 644, 646 (Sup. Ct. 1988) (stating that "a jurisdictional defect renders [Board] approval void and tolls the Statute of Limitations").

However, another line of cases supports the Town's position, holding that even where a jurisdictional defect is alleged, as Plaintiff herein does, the claim is subject to a statute of limitations, whether it be four months or six years. See, e.g., P & N Tiffany Props., 33 A.D.3d at 65-66 (holding that the challenge to a local law's enactment is subject to a four-month statute of limitations); Smith v. Plattekill, 13 A.D.3d 695, 697 (3d Dep't 2004) (holding that a Town Board's failure to comply with Section 239 is a jurisdictional defect and that "a challenge based on that defect would be subject to the statute of limitations"); McCarthy v. Zoning Bd. of

10

Appeals, 283 A.D.2d 857, 857-58 (3d Dep't 2001) (finding that petitioner's challenge "directed at the procedures followed in . . . enactment" of a local law was subject to the four-month statute of limitations for an article 78 proceeding); Stankavich v. Town of Duanesburg Planning Bd., 246 A.D.2d 891, 892 (3d Dep't 1998) (stating that "it does not necessarily follow . . . that the Statute of Limitations defense is negated in light of [an] apparent jurisdictional defect" and finding that a failure to comply with Section 239 claim is subject to a four-month statute of limitations); Janiak v. Town of Greenville, 203 A.D.2d 329, 331 (2d Dep't 1994) (holding that a challenge to the enactment of a local law is subject to the six-year statute of limitations).

The New York Court of Appeals has yet to speak to this apparent split within the departments of the Appellate Division. In this Court's view, however, the line of cases finding that claims such as Plaintiff's are subject to a statute of limitations is of more sound reasoning. The purpose of statutes of limitations is to "allow[] potential defendants predictability and ultimate repose." Veltri v. Building Servs. 32B-J Pension Fund, 393 F.3d 318, 326 (2d Cir. 2004). Exempting certain claims from such limitations would expose defendants, such as the Town herein, to endless litigation and expense.

Moreover, while Plaintiff cites to Nager v. Inc. Vill. of Saddle Rock, 140 Misc. 2d 644 (Sup. Ct. 1988), for the proposition that where plaintiffs "show a jurisdictional defect," they "avoid the bar of the Statute of Limitations," (Pl. Mem. of Law in Opp'n 13-14), Plaintiff appears to overlook more recent case law from the Appellate Division, Second Department, wherein the Court states that "it is a jurisdictional defect itself which renders agency action void and tolls the statute of limitations, not merely an allegation of such a defect." Hampshire Mgmt. Co. v. Feiner, 52 A.D.3d 714, 715 (2d Dep't 2008) (emphasis added).

In the within action, the Town enacted Chapter 82, entitled Neighborhood Preservation,

11

in 1999, with an effective date of December 10, 1999. See Brookhaven Town Code § 82. Plaintiff commenced this action on June 20, 2013, more than thirteen years after Chapter 82 was enacted. (DE [1].) Whether the four-month statute of limitations applicable to an article 78 proceeding is applied, or the six-year "catch-all" limitations period, under either statute, Plaintiff's action is untimely. Accordingly, this Court respectfully recommends that Defendant's motion to dismiss the remaining declaratory judgment claim contained in the Third Amended Complaint be granted on the grounds that this action is untimely.

VI.     Leave to Replead

While Plaintiff has not sought leave to replead his claims, the Court finds that, in any event, the right to replead should be denied. Although "it is the usual practice upon granting a motion to dismiss to allow leave to replead," Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013), doing so here would be futile as Plaintiff's remaining declaratory judgment claim is time-barred. No amount of repleading will alter that outcome. Accordingly, this Court respectfully recommends that Plaintiff's Third Amended Complaint be dismissed without leave to replead.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendant's motion to dismiss be denied with respect to the argument that the Court lacks subject matter jurisdiction over the action, but granted overall as one of the remaining claims asserted is deemed abandoned and the other is time-barred. Accordingly, the only claims remaining in the Third Amended Complaint should be dismissed, without leave to replead.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court

12

within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
       January 27, 2022                                          /s/     Anne. Y. Shields
                                                                 ANNE Y. SHIELDS
                                                                 United States Magistrate Judge