UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   For Online Publication Only
JEROME NORTON,

                               Plaintiff,

                -against-   **MEMORANDUM AND ORDER**
                                                                                  13-CV-3520 (JMA) (AYS)

TOWN OF BROOKHAVEN, COUNTY OF
SUFFOLK, ROBERT QUINLAN, DAVID J.
MORAN, JENNIFER LUTZER, JUSTIN
FOLBER, WILLIAM POWELL, and VALERIE
BISCARDI, *all individually and in their official capacity*,

                               Defendants.
-----------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Plaintiff, Jerome Norton ("Plaintiff"), commenced this action on June 20, 2013, against the Town of Brookhaven and various officers and employees of the Town (collectively, the "Town") pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, and New York State law. (Compl., ECF No. 1.) After extensive settlement negotiations, all claims alleged in the Third Amended Complaint were settled by the stipulation dated October 18, 2017, except for two aspects of the Tenth Cause of Action for a declaratory judgment against the Town: (1) that the fire and safety provisions in Chapter 82 of the Town Code are more restrictive than the State's Uniform Code and thus require further state approval prior to becoming effective (the "Uniform Code Claim"); and (2) that Chapter 82 is a zoning ordinance that required referral to the Suffolk County Planning Commission ("SCPC") for review and recommendation under Section 239-m of the New York General Municipal Law prior to being enacted (the "Section 239 Claim").

       On June 2, 2021, the Town moved for judgment on the pleadings and for summary judgment to dismiss Plaintiff's remaining declaratory judgment claims. (ECF No. 153.) On October 22, 2021, the Court referred the motion to Magistrate Judge Anne Y. Shields for a Report

1

and Recommendation ("R&R").  (Electronic Order, 10/22/2021.)  Judge Shields issued an R&R dated January 27, 2022, which recommends that Town's motion be treated as a motion for judgment on the pleadings – not as one for summary judgment – and that, as such, the motion be denied with respect to the argument that the Court lacks subject matter jurisdiction over the action, but granted overall because (1) the Uniform Code Claim is deemed abandoned; and (2) the Section 239-m claim is time-barred.  (ECF No. 156.)

Plaintiff filed timely objections to the R&R, to which Defendant filed a response in opposition.  (ECF Nos. 158, 159.)  After conducting a review of the full record (including the motion papers, R&R, and objections,) and applicable law, the Court adopts Judge Shields's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made."  28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Shields's R&R to which there are no specific objections.  In particular, Judge Shields recommended the Town's motion be treated as a motion for judgment on the pleadings and that the motion be denied with respect to the argument that the Court lacks subject matter jurisdiction over the action.  Applying clear error review, the Court adopts Judge Shields's recommendations on these issues.

I next address the portions of the R&R to which the parties have objected. For the objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, the Court denies those objections and adopts the R&R.

First, Plaintiff argues that his Section 239-m claim is not time-barred. Judge Shields already addressed Plaintiff's arguments regarding the statute of limitations. The Court agrees with Judge Shields's well-reasoned analysis of this issue. Plaintiff also argues that the Town is estopped from arguing that this claim is barred by the statute of limitations because the stipulation entered into by the parties states that: "Plaintiff shall be entitled to, but is not required to, submit to the Court a motion for a declaratory judgment seeking a determination of the issue of the extent to which Town Code Ch. 82: constitutes a lawful exercise by the Town of the Town's powers pursuant to the requirements of New York General Municipal Law §239-m." (Stipulation at ¶ 7(c), ECF No. 89.) While the stipulation allows Plaintiff to bring a motion for a declaratory judgment regarding this claim, it does not limit, in any fashion, the defenses or arguments that the Town could make. Accordingly, the Court finds that the Town was not estopped from raising its argument regarding the statute of limitations. Finally, with respect to Plaintiff's argument that he should be allowed to challenge certain portions of Chapter 82 that were amended after its enactment in 1999 because they are not time-barred, the Court finds this argument is without merit. The portions of the code that Plaintiff challenged in his third amended complaint were enacted in 1999. To the extent, Plaintiff attempts to add new allegations regarding other portions of the code, the Court declines to consider them.

Second, with respect to the Uniform Code claim, Plaintiff admits that he did not challenge the Town's argument as to this claim in his opposition. (Pl. Obj. at 22.) Accordingly, the Court

3

agrees that this claim is abandoned.  To the extent, Plaintiff alleges an estoppel argument regarding this claim, it also fails.

Based on the foregoing, the Court adopts Judge Shields's R&R in its entirety as the opinion of this Court.  Accordingly, the Court grants Defendant's motion for judgment on the pleadings.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: March 31, 2022
      Central Islip, New York

                                                   /s/  (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE